**PHILIP D. STERN & ASSOCIATES, LLC**
697 Valley Street, Suite 2D
Maplewood, NJ 07040-2642
Telephone: (973) 379-7500
Attorney of Record: Philip D. Stern
Attorneys for Plaintiffs, Mark Apostolou, Karl Krug, and Dolores Krug

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARK APOSTOLOU, an individual; and KARL KRUG, an individual; and DOLORES KRUG, an individual,

Plaintiffs,

vs.

FEDERAL BOND & COLLECTION SERVICE, INC., a Pennsylvania Corporation, a/k/a FBCS; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

Defendants.

**COMPLAINT**

Plaintiffs, MARK APOSTOLOU, KARL KRUG, and DOLORES KRUG, each by way of Complaint against the Defendants, say:

## I. PARTIES

1. MARK APOSTOLOU ("APOSTOLOU") is a natural person.

2. At all times relevant to this complaint, APOSTOLOU was a citizen of, and resided in, the Township of Livingston, Essex County, New Jersey.

3. KARL KRUG is a natural person.

4. At all times relevant to this complaint, KARL KRUG was a citizen of, and resided in, the Township of Millville, Cumberland County, New Jersey.

5. DOLORES KRUG is a natural person.

6. At all times relevant to this complaint, DOLORES KRUG was a citizen of, and resided in, the Township of Millville, Cumberland County, New Jersey.

7. At all times relevant to this complaint, KARL KRUG and DOLORES KRUG KRUGS are married and live together as husband and wife in the same residence. KARL KRUG and DOLORES KRUG are collectively referred to hereafter as the "KRUGS".

8. At all times relevant to this complaint, FEDERAL BOND & COLLECTION SERVICE, INC. a Pennsylvania Corporation, a/k/a FBCS ("FEDERAL BOND") is a for-profit corporation existing pursuant to the laws of the State of Pennsylvania. FEDERAL BOND maintains its principal business address at 2200 Byberry Road, Suite 120, Borough of Hatboro, Montgomery County, Pennsylvania.

9. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

10. The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of FEDERAL BOND that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by FEDERAL BOND and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because Defendant, FEDERAL BOND resides in this federal district and all or a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district.

## III. PRELIMINARY STATEMENT

13. Plaintiffs bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs. Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

14. Such practices include, *inter alia*:

(a) Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of FEDERAL BOND's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

15. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

16. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111n5 (3d Cir. 1991).

17. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

18. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. §

1692e(11).

19. The Plaintiffs seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, and all other common law or statutory regimes.

## IV. FACTS CONCERNING APOSTOLOU

20. Sometime prior to April 5, 2010, APOSTOLOU allegedly incurred a financial obligation to Bank of America that arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ("Apostolou Obligation").

21. APOSTOLOU never incurred any debts in connection with a business or commercial activities and, therefore, the Apostolou Obligation, if truly an obligation owed by him, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

22. APOSTOLOU is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

23. APOSTOLOU is informed and believes, and on that basis alleges, that sometime prior to April 5, 2010, the creditor of the Apostolou Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the Apostolou Obligation to FEDERAL BOND for collection.

24. FEDERAL BOND collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

25. FEDERAL BOND is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. FEDERAL BOND contends that the Apostolou Obligation is in default.

27. The Apostolou Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28. Within the one year immediately preceding the filing of this complaint, FEDERAL BOND placed telephone calls to APOSTOLOU and left at least one "live" telephonic voice message ("Apostolou Messages") on his cellular telephone voicemail system.

29. The following is an example of one such Apostolou Message that FEDERAL BOND left on APOSTOLOU's cellular telephone voicemail system:

> "This message is for Mark, Mark Apostolou. Contact Jacqueline Smith at 1-866-594-8641."

30. APOSTOLOU does not know any person named "Jacqueline Smith."

31. At the time APOSTOLOU received the Apostolou Messages, he did not know that the Apostolou Messages were from a debt collector or that the Messages concerned the collection of a debt.

32. The least sophisticated consumer would not know that the Apostolou Messages were from a debt collector or that the Apostolou Messages concerned the collection of a debt.

33. Each of the Apostolou Messages was left for APOSTOLOU in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

34. Each of the Apostolou Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. Each of the Apostolou Messages was left by, or caused to be left by, persons employed as debt collectors by FEDERAL BOND.

36. Each of the Apostolou Messages failed to meaningfully identify FEDERAL BOND as the caller in that the Messages failed to identify FEDERAL BOND by its company name as the caller.

37. Each of the Messages failed to meaningfully identify FEDERAL BOND as the caller in that the Messages failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

38. Each of the Apostolou Messages failed to disclose that the communication was from a debt collector.

39. The telephone number "866-265-7685" is answered by debt collectors employed by FEDERAL BOND.

40. FEDERAL BOND's act of leaving the Apostolou Messages for APOSTOLOU is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

41. FEDERAL BOND's act of leaving the Apostolou Messages for APOSTOLOU constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and that FEDERAL BOND is a debt collector in a manner understandable to the least sophisticated consumer, FEDERAL BOND has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. FACTS CONCERNING THE KRUGS

42. The KRUGS share the same home telephone and answering machine.

43. Sometime prior to June 15, 2009, the KRUGS allegedly incurred a financial obligation that arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ("Krug Obligation").

44. The KRUGS never incurred any debts in connection with a business or commercial activities and, therefore, the Krug Obligation, if truly an obligation owed by them, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

45. KARL KRUG is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

46. DOLORES KRUG is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

47. The KRUGS are informed and believe, and on that basis allege, that sometime prior to June 15, 2009, the creditor of the Krug Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the Krug Obligation to FEDERAL BOND for collection.

48. FEDERAL BOND collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

49. FEDERAL BOND is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

50. FEDERAL BOND contends that the Krug Obligation is in default.

51. The Krug Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

52. Within the one year immediately preceding the filing of this complaint, FEDERAL BOND placed a telephone call to the KRUGS and left a "pre-recorded" telephonic voice message ("Krug Message") on their home telephone answering machine.

53. The Krug Message was left on June 15, 2009 at 4:24 p.m. and stated:

> "Hello, this is a reminder call. Please call our office today at 1-866-594-8641."

54. At the time the KRUGS received the Krug Messages, they did not know that the Krug Messages were from a debt collector or that the Krug Messages concerned the collection of a debt.

55. The least sophisticated consumer would not know that the Krug Messages were from a debt collector or that the Krug Messages concerned the collection of a debt.

56. Each of the Krug Messages was left for the KRUGS in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

57. Each of the Krug Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

58. Each of the Krug Messages was left by, or caused to be left by, persons employed as debt collectors by FEDERAL BOND.

59. Each of the Krug Messages failed to meaningfully identify FEDERAL BOND as the caller in that the Krug Messages failed to identify FEDERAL BOND by its company name as the caller.

60. Each of the Krug Messages failed to meaningfully identify FEDERAL BOND as the caller in that the Krug Messages failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

61. Each of the Krug Messages failed to disclose that the communication was from a debt collector.

62. The telephone number "1-866-594-8641," which is identified in the Krug Messages, is answered by debt collectors employed by FEDERAL BOND.

63. To date, the KRUGS have not received any written communications from FEDERAL BOND.

64. FEDERAL BOND's act of leaving the Krug Messages is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

65. FEDERAL BOND's act of leaving the Krug Messages constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

66. The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and that FEDERAL BOND is a debt collector in a manner understandable to the least sophisticated consumer, FEDERAL BOND has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## VI. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (BY APOSTOLOU AGAINST ALL DEFENDANTS)

67. APOSTOLOU realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint except Paragraphs 3 through 7, and 42 through 66.

68. Defendants violated the FDCPA. Defendants' violations with respect to the Apostolou Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of FEDERAL BOND's identity as the caller by failing to state the nature or purpose of the call in violation of 15 U.S.C. § 1692d(6);

(b) Failing to disclose in its initial communication with the consumer that FEDERAL BOND is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(c) Failing to disclose in all oral communications that FEDERAL BOND is a debt collector in violation of 15 U.S.C. §1692e(11).

## VII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (BY THE KRUGS AGAINST ALL DEFENDANTS)

69. The KRUGS reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint except Paragraphs 1, 2, and 20 through 41.

70. Defendants violated the FDCPA. Defendants' violations with respect to the Krug Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of FEDERAL BOND's identity as the caller by failing to state the nature or purpose of the call in violation of 15 U.S.C. § 1692d(6);

(b) Failing to disclose in its initial communication with the consumer that FEDERAL BOND is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(c) Failing to disclose in all oral communications that FEDERAL BOND is a debt collector in violation of 15 U.S.C. §1692e(11).

71. Defendants further violated the FDCPA by failing to provide written notice to the consumer within five days after its initial communication with a consumer, making the required disclosures, in violation of 15 U.S.C. §1692g(a).

## VIII. PRAYER FOR RELIEF

71. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor as follows:

A. **For the FIRST CAUSE OF ACTION**:

(1) An award of the maximum statutory damages for MARK APOSTOLOU pursuant to 15 U.S.C. §1692k(a)(A);

(2) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(B)(3); and

(3) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:

(1) An award of the maximum statutory damages for KARL KRUG pursuant to 15 U.S.C. §1692k(a)(A);

(2) An award of the maximum statutory damages for DOLORES KRUG pursuant to 15 U.S.C. §1692k(a)(A);

(3) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(B)(3); and

(4) For such other and further relief as may be just and proper.

**PHILIP D. STERN & ASSOCIATES, LLC**

*/s/ Philip D. Stern*

Dated: June 15, 2010

PHILIP D. STERN
Attorneys for Plaintiffs, Mark Apostolou, Karl Krug, and Dolores Krug